LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN (SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Special Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No.09-11266-AJ |
| PAUL NORMAN and<br>TINA MARIE LEWIS<br><br>　　　　　　　　　Debtors.<br>_____/ | APPLICATION OF MIKEL D. BRYAN, P.C., FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MIKEL D. BRYAN IN SUPPORT THEREOF |
| | Date:　To be Assigned by the Court<br>Time:　To be Assigned by the Court |

TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER PARTIES

IN INTEREST:

　　　Mikel D. Bryan, P.C., hereby presents its application (the "Application") for compensation for professional services rendered and for reimbursement of expenses incurred in connection with its representation as special counsel for the Debtors in this Chapter 11 case.

　　　By this Application, Mikel D. Bryan, P.C., seeks allowance and payment of $56,842.50 In attorney fees and $ 15.82 in expenses incurred during the period from July 22, 2009 through January 27, 2010, for a total of $56,858.32. A Summary Sheet of the combined total of fees and expenses requested is attached hereto as Exhibit 1 to the supporting Declaration of Mikel D. Bryan.

//

//

This Application is based upon the following Memorandum of Points and Authorities, the attached Declaration of Mikel D. Bryan, the pleadings and evidence on file with the Court in this case, and upon such other and further evidence as the Court may allow.

WHEREFORE, Mikel D. Bryan, P.C., respectfully requests that the Court approve the amounts requested in this Application.

Dated: March   , 2010                LAW OFFICES OF MIKEL D. BRYAN, P.C.

By: _____
MIKEL D. BRYAN
Special Counsel for Debtors

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### PROCEDURAL HISTORY AND STATUS OF CASE

**A.    Background of Case**:

This Chapter 11 case was filed on May 4, 2009 by David N. Chandler, P.C., on behalf of the Estate Debtors in Possession. Since that date, the Debtors remained in possession of the property as debtors in possession. An approved Plan of Reorganization was entered by the Court on January 28, 2010.

**B.    Employment of Mikel D. Bryan, P.C. as Special Counsel**:

The Application for Order Authorizing the Employment of Special Counsel, Mikel D. Bryan, P.C. ("Applicant") was filed on or about July 23, 2009 by the Debtor's general counsel, David N. Chandler, P.C. The Order Authorizing the Employment of Applicant, as special counsel was entered on August 3, 2009.

**C.    Attorney's Background**:

A copy of the resume of the Applicant, Mikel D. Bryan, describing the education, qualification and experience of the applicant herein is attached hereto as Exhibit 2 to the Supporting Declaration of Mikel D. Bryan. During the 31 years of the professional practice of the Applicant, the Applicant's practice has emphasized real estate practice, including, the negotiation of complex real estate purchases and sales. Applicant's real estate practice has

Page 2
Application of Mikel D. Bryan, P.C., for Allowance of Fees and Expenses
Case: 09-11266   Doc# 212   Filed: 02/24/10   Entered: 02/24/10 10:14:46   Page 2 of 12

included experience as both general and special counsel in prior Chapter 11 cases, primarily involving real estate assets and investments.

**D.  Fees Previously Requested and Awarded**:

There have been no previously fees requested or awarded by Applicant in this case.

**E.  No Agreement Regarding Compensation**: No agreement or understanding exists for sharing compensation received or to be received by Applicant for services rendered in this case. Applicant has not received or been promised any other payments for the services rendered or to be rendered in any capacity whatsoever in connection with this case.

**F.  Funds Available for Payment of Applicant's Fees and Expenses**:

Applicant is informed and believes based upon conversations with Debtor's general counsel, David N. Chandler, P.C., that as of the date of this Application, the funds on hand in the Debtor's estate currently exceed the amounts requested by Applicant as well as the fees and expense request filed by David N. Chandler, P.C., to be heard concurrently herewith.

## II

## SUMMARY OF SERVICES PERFORMED

Copies of Applicant's billing statements for the period covered by this Application are attached as Exhibit 3 to the supporting Declaration of Mikel D. Bryan. The billing statements set forth in detail the time spent and the specific professional services rendered by Applicant.

For the Court's convenience, set forth below is a brief narrative history of the services rendered by Applicant for the period covered by this Application. Applicant has arranged its billing charges in the following categories:

1. Negotiation of the Purchase and Sale Agreement for Sale of Napa Apartments by the Estate;
2. Assisting Debtors and the Estate in Compliance with Purchase Agreement Terms and Conditions;
3. Finalizing and Closing Sale of Napa Apartments on Behalf of the Estate and Debtors;
4. Relief from Stay Assistance; and

1. 5. Preparing and Filing Fee Application.

**1.** **Negotiation of the Purchase and Sale Agreement for Sale of the Napa Apartments by the Estate**: This category relates to the successful negotiation of a Commercial Property Purchase Agreement and Addendum thereto whereby the Chapter 11 estate agreed to sell a forty unit apartment complex located at 201, 221, 241, and 251-267 Riverside Drive, Napa, California ("the property") to Pacific Gas & Electric Company for a total consideration of $7,000,000 together with specifically negotiated indemnification provisions for the benefit of the Estate and the Debtors ("the Purchase Agreement"). The negotiations also included negotiation of two additional Addenda to the Purchase Agreement. The Application for Authorization to sell the property was approved by the Court on December 15, 2009. The sale of the property closed on January 15, 2010.

Applicant spent 68.40 hours, totaling $22,230.00 at Applicant's standard hourly rate of $325. Set forth below is a chart summarizing the fees incurred in connection with Negotiating the Purchase and Sale Agreement of the Napa Apartments on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| JULY | 33.90 | $11,017.50 |
| AUGUST | 28.60 | 9,295.00 |
| OCTOBER | 1.90 | 617.50 |
| NOVEMBER | 4.0 | 1300.00 |

**2.** **Assisting Debtors and the Estate in Compliance with Purchase Agreement Terms and Conditions**: This category relates to the assistance to the Debtors in Possession and the Chapter 11 Estate to comply with the terms and conditions of the negotiated Purchase Agreement for the sale of the Napa Apartments. Under the terms of the Purchase Agreement, the Debtors on behalf of the Chapter 11 Estate were required to undertake certain Disclosures, including, but not limited to, all current leases, rental agreements, service contracts, and other agreements relating to the property; rent rolls, tenant names, etc.; obtain tenant estoppel certificates; provide copies of all permits and approvals concerning the property obtained from any governmental authority, provide disclosures of known structural additions or alterations to the property; provide an inventory of personal property being purchased under the bill of sale; review title documents and provide for removal or satisfaction of title exceptions made by the

purchaser, PG&E; and all correspondence, reports, investigations, studies and other documents involving or relating to the property. To this end, the Applicant in conjunction with the Debtors, prepared and delivered to the purchaser, PG&E, all required disclosures, and any further requested information or documents in conjunction therewith. As a result of the disclosures, all contingencies were removed by the purchaser, PG&E, and the sale proceeded to close on January 15, 2010.

Applicant spent 34.50 hours, totaling $11,212.50 at Applicant's standard hourly rate of $325. Set forth below is a chart summarizing the fees incurred in connection with assisting the Debtors and Chapter 11 Estate in compliance with the Purchase Agreement terms and conditions on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
| --- | --- | --- |
| AUGUST | .20 | 65.00 |
| SEPTEMBER | 16.40 | 5330.00 |
| OCTOBER | 11.30 | 3672.50 |
| NOVEMBER | 6.40 | 2080.00 |
| DECEMBER | .20 | 65.00 |

**3. Finalizing and Closing the Sale of the Napa Apartments**. As the time for scheduled closing of the sale of the property approached, the Applicant was required to review all closing documents, including, the grant deed, the bill of sale, the assignment of existing leases, preparation of compilation of average rental for each vacant apartment from June 15, 2009 through the close of escrow which yielded an additional $53,350 in additional sale proceeds to the Chapter 11 Estate, revised estoppel certificates, negotiation and successful removal of tax liens and an abstract of judgment against the property to allow the timely close of escrow, and all other documents to insure compliance with the terms and conditions to close the sale of the Napa apartments. The finalization of the sale also included the negotiation of a written Retention Agreement requested by the purchaser, PG&E, whereby the debtors would be retained to assist PG&E in the transition of the management of the property from the Debtors to PG&E for a period of three (3) months following the close of escrow.

Applicant spent 50.50 hours, totaling $ 16,412.50 at Applicant's standard hourly rate of $325. Set forth below is a chart summarizing the fees incurred in connection with finalizing

and closing the sale of the Napa Apartments on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| DECEMBER | 5.90 | 1917.50 |
| JANUARY | 44.60 | 14495.00 |

**4. Relief from Stay Assistance**: During the absence from the County of the Debtors' general counsel, David N. Chandler, P.C., I was asked to assist the general counsel in the defense of two relief from stay motions filed on behalf of Banco Popular with respect to two property owned by the Debtors, including the Napa apartments. In conjunction with that assistance, I prepared responses to document production requests on behalf of the Debtors, reviewed the documents for production and asserted appropriate objections to the request for documents on behalf of the Estate. I also assisted the Debtors' general counsel with respect to the designation and proposed depositions of the experts relating to the relief from stay motions. My office was also trying to assist in the negotiation of a settlement of the relief from stay motions with the creditor's attorney.

Applicant spent 16.50 hours, totaling $ 5362.50 at Applicant's standard hourly rate of $325. Set forth below is a chart summarizing the fees incurred in connection with relief from stay motions assistance on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| JULY | .40 | 130.00 |
| AUGUST | 14.80 | 4810.00 |
| SEPTEMBER | 1.30 | 422.50 |

**5. Preparation of Fee Application**: This category includes the preparation and filing of this Application as required under Section 330 of the Bankruptcy Code and the Guidelines of the United States Trustees Offices, Guideline 2.2.3. See 11 USC §330(a)(6); In re Garcia (9th Cir. BAP 2005) 335 BR 717, 728-729.

Applicant spent 5.0 hours, totaling $1625.00 at Applicant's standard hourly rate of $325. Set forth below is a chart summarizing the fees incurred in connection with preparation of this Application on a month by month basis.

| MONTH | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|
| JANUARY | 5 | $1625.00 |

//

//

## III
## SUMMARY OF EXPENSES INCURRED

As with Applicant's other clients, Applicant incurred expenses during the course of rendering services to the Chapter 11 Estate as follows:

UPS Overnight Delivery Charges: 9/3/09     $15.82

## IV
## THE COURT SHOULD AWARD APPLICANT ITS FEES AND EXPENSES AS REQUESTED

Section 330 of the Bankruptcy Code authorizes the Court, after notice to the parties in interest, the United States Trustee and a hearing, to award an attorney employed under Section 327: (a) reasonable compensation for actual, necessary services rendered by the attorney and (b) for reimbursement for actual and necessary expenses incurred by the attorney.

## CONCLUSION

Based upon the foregoing Application, Mikel D. Bryan., P.C. respectfully requests the Court issue an order:

1. Approving the Application and allowing fees in the amount of $56,842.50 and Expenses in the amount of $ 15.82;
2. Authorizing and directing the Chapter 11 Debtors to forthwith pay the fees and expenses awarded; and
3. Granting the Applicant such other and further relief as the Court deems just and proper.

Dated: March  , 2010          LAW OFFICES OF MIKEL D. BRYAN, P.C.

By: _____
MIKEL D. BRYAN
Special Counsel for Debtors

**DECLARATION OF MIKEL D. BRYAN IN SUPPORT OF FEE APPLICATION**

I, Mikel D. Bryan, declare that:

1. I am an attorney duly licensed to practice law as Mikel D. Bryan, P.C., a professional law corporation, in all Courts of the State of California and before the United States Bankruptcy Court for the Northern District of California. I am the sole attorney in the offices of Mikel D. Bryan, P.C. This Declaration is made in support of the Application of Mikel D. Bryan, P.C., for Allowance of Fees and Reimbursement of Expenses for professional fees rendered and expenses incurred in connection with its representation of the Chapter 11 Debtors and the Chapter 11 Estate as special counsel. The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify to the truth of the matters, except as to those matters set forth on information and belief, as to which I am informed and believe those to be true.

2. This Chapter 11 case was filed on May 4, 2009 by David N. Chandler, P.C., on behalf of the Debtors, Paul Norman and Tina Marie Lewis. Since the filing of the Chapter 11 petition, the Debtors remained in possession of the estate property as debtors in possession. An approved Plan of Reorganization was approved by the Court on January 28, 2010.

3. During my 31 years of the professional practice, I have emphasized real estate practice, including, the negotiation of complex real estate purchases and sales. My real estate practice has included experience as both general and special counsel in prior Chapter 11 cases, primarily those involving real estate assets and investments. Because the debtor's general counsel, David N. Chandler, P.C., was going to be out of the Country for an extended period of time and negotiation of a potential sale of a substantial asset of the bankruptcy estate was critical, I was asked by Mr. Chandler and the debtors in possession to undertake the negotiation of a sale of the apartment complex owned by the Debtors in the City of Napa. I was also asked by the general counsel to undertake the defense of two relief from stay motions, which had been filed by Banco Popular with respect to two property owned by the Debtors, including the Napa apartments, the sale of which I was negotiating.

//

4. The application for employment of my offices as special counsel was submitted to the Court on July 23, 2009, and approved by the Court on August 3, 2009.

5. During the course of my representation, I successfully assisted the debtors in possession and the Estate in the negotiation of a Commercial Property Purchase Agreement and Addendum thereto whereby the Chapter 11 estate agreed to sell a forty unit apartment complex located at 201, 221, 241, and 251-267 Riverside Drive, Napa, California ("the property") to Pacific Gas & Electric Company for a total consideration of in excess of $7,000,000 together with specifically negotiated indemnification provisions for the benefit of the Estate and the Debtors ("the Purchase Agreement"). The negotiations also included negotiation of two additional Addenda to the Purchase Agreement.

6. My office also assisted the Debtors and the Chapter 11 Estate in complying with the terms and conditions of the negotiated Purchase Agreement for the sale of the Napa Apartments. Under the terms of the Purchase Agreement, the Debtors on behalf of the Chapter 11 Estate were required to undertake certain Disclosures, including, but not limited to, all current leases, rental agreements, service contracts, and other agreements relating to the property; rent rolls, tenant names, etc.; obtain tenant estoppel certificates; provide copies of all permits and approvals concerning the property obtained from any governmental authority, provide disclosures of known structural additions or alterations to the property; provide an inventory of personal property being purchased under the bill of sale; review title documents and provide for removal or satisfaction of title exceptions made by the purchaser, PG&E; and all correspondence, reports, investigations, studies and other documents involving or relating to the property. To this end, my office in conjunction with the Debtors, prepared and delivered to the purchaser, PG&E, all required disclosures, and any further requested information or documents in conjunction therewith. As a result of the disclosures, all contingencies were removed by the purchaser, PG&E.

7. As the time for scheduled closing of the sale of the property approached, my office was required to review all closing documents, including, the grant deed, the bill of sale, the assignment of existing leases, preparation of compilation of average rental for each vacant

apartment from June 15, 2009, through the close of escrow which yielded an additional $53,350 in additional sale proceeds to the Chapter 11 estate, revised estoppel certificates, negotiation and successful removal of tax liens and an abstract of judgment against the property to allow the timely close of escrow, and all other documents to insure compliance with the terms and conditions to close the sale of the Napa apartments. The finalization of the sale also included the negotiation of a written Retention Agreement requested by the purchaser, PG&E, whereby the Debtors would be retained to assist PG&E in the transition of the management of the property from the Debtors to PG&E for a period of three (3) months following the close of escrow. The Application for Authorization to sell the property was approved by the Court on December 15, 2009. The sale of the property closed on January 15, 2010, for a total purchase price in excess of $7,053,000.00 .

8. During the absence from the County of the Debtors' general counsel, David N. Chandler, P.C., my office had also been asked to assist in the defense of two relief from stay motions, which had been filed on behalf of Banco Popular with respect to two property owned by the Debtors, including the Napa apartments. In conjunction with that assistance, my office prepared responses to document production requests on behalf of the Debtors, reviewed the documents for production and assert appropriate objections to the request for documents. My office also assisted the Debtors' general counsel with respect to the designation and proposed depositions of the experts relating to the relief from stay motions. My office was also trying to assist in the negotiation of a settlement of the relief from stay motions with the creditor's attorney. My office also assisted the Debtors' general counsel with respect to the designation and proposed depositions of the experts relating to the relief from stay motions.

9. By this Application, my office is seeks allowance and payment of $56,842.50 in attorney's fees and $15.82 in expenses incurred during period from July 23, 2009 through January 31, 2010. A Summary Sheet of the combined total fees and expenses requested is attached hereto as Exhibit 1 and made a part hereof.

10. Mikel D. Bryan, P.C. is a California law corporation with Mikel D. Bryan as the sole attorney. A copy of the firm resume describing the education, qualifications and

1. experience of the Mikel D. Bryan is attached hereto as Exhibit 2, and made a part hereof.

11. No prior applications for compensation have been made of behalf of my offices in this case.

12. My office has not agreed to share with any person or entity any compensation that my offices may be awarded in this case. My office has not received or been promised any other payments for the services rendered in any capacity whatsoever in connection with this case.

13. I am informed and believe that as of the date of this Application, the funds on hand in the Chapter 11 Estate currently exceed the amounts requested by my office and as well those pending fees and expense requests filed by the Debtor's general counsel.

14. Copies of my office's billing statements for the period covered by this Application are attached hereto as Exhibit 3 and made a part hereof. The billing statements set forth in detail the time spent and the specific professional services rendered by my office as well as the small expense incurred. With respect to the expense incurred for which reimbursement is requested, such expenses are charged to all of my office's clients.

15. The Application also contains a detailed narrative including a summary and breakdown of fees and expenses charged by category. I prepared and reviewed that narrative as well as the charts contained in the Application, which set forth the amount of time spent and the fees and expenses charged with respect to each particular matter in which my office has provided services. To the best of my knowledge, the information contained in the narrative history and the fee and expense charts is true and accurate.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Executed this __ day of March, 2010 at Santa Rosa, California.

_____
MIKEL D. BRYAN

# PROOF OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of eighteen years and not a party to this action. My business address is 550 Doyle Park Drive, Santa Rosa, California.

On the date set forth below, I served the following:

APPLICATION OF MIKEL D. BRYAN, P.C., FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MIKEL D. BRYAN IN SUPPORT THEREOF

on the interested parties in this action, by placing a true copy thereof, addressed as follows:

| | |
|---|---|
| David N. Chandler<br>1727 Fourth Street<br>Santa Rosa, California 95404<br><u>Attorney for Debtors:</u> | Office of the United States Trustee<br>San Francisco Divisional Office<br>235 Pine Street, Suite 700<br>San Francisco, California 94104-3401 |

Debtors:
Paul Norman
Tina Marie Lewis
2090 First Avenue
Napa, California 94558

/ X / (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of our office for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/____/ (BY OVERNIGHT DELIVERY) I caused each such envelope to be picked up by the business which engages in overnight delivery service, following the instructions for express mailing and using the overnight delivery mail envelope with postage fully prepaid thereon.

/____/ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the address(s) noted above.

/____/ (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Santa Rosa, California on February 24, 2010.

                                                  _____
                                                  Willetta Higgins